WILFORD C. SAEGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7562. Promulgated December 27, 1927.

*I. W. Sharp, Esq.*, and *E. T. Quigley, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

OPINION.

Morris: Petitioner alleges that the respondent erred in refusing to allow him to deduct the full amount of his original investment of $48,890.47 in capital stock of the Refrigerator Company and the Refrigeration Company in the computation of his net income for 1920. Respondent, on the other hand, contends that when the Refrigeration Company liquidated in 1916, the petitioner sustained a loss at that time equal to his original investment minus the par value of the stock of the Machine Company received by him in 1916. Petitioner contends that the capital stock of the Machine Company which he received in 1916 had no ascertainable market

value, and that there could be no basis for computing a gain or loss realized at that time, therefore, the stock of the Machine Company merely took the place of the stock in the Refrigeration Company, and when the stock of the Machine Company was found to be worthless in 1920, the amount of his loss was the total amount of his original investment in the Refrigeration Company.

As no question is raised as to the worthlessness of the stock in 1920, the sole question for our determination is the amount of the loss sustained at that time. If the transaction in 1916 under which the petitioner acquired the stock was one that gave rise to gain or loss for tax purposes, a new basis was established, that must be used in determining the amount of the loss sustained in 1920. Under the Revenue Act of 1918, (section 202(b)), provision was made that property received in exchange for other property shall for the purpose of determining gain or loss, be treated as the equivalent of cash to the amount of its fair market value if any, and the later acts provide that income arises out of an exchange only when the property received has a readily realizable market value. Clearly under those acts, before gain or loss arises, that which is received must be equivalent of cash, or readily convertible into cash. No such specific provisions appear however in the Revenue Act of 1916 and the principle embodied in the later acts is inapplicable unless it is inherent in the theory of income taxation, and therefore included in the more general terms of the 1916 Act. In *Eisner* v. *Macomber*, 252 U. S. 189, the Supreme Court, after defining income, stated:

Here we have the essential matter; not a gain accruing to capital, not a growth or increment of value in the investment; but a gain, a profit, something of exchangeable value proceeding from the property.

In *Safe Deposit & Trust Co.* v. *Miles*, 273 Fed. 822; affirmed 259 U. S. 247, arising under the 1916 statute, the court said, "nevertheless, by and large, the statute means what it says, and that is that the tax is to be levied on nothing else except gains, profits, and income, and upon them only when actually realized in money or in money's worth." See also *Bourn* v. *McLaughlin*, 19 Fed. (2d) 148; 6 Am. Fed. Tax Rep. 6681. From these decisions it is clear that under the 1916 Act there must be a realization before gain arises and the principle is equally applicable before a loss can be sustained.

It follows, therefore, that if the petitioner had received cash, or property which could have readily been converted into cash in 1916, gain or loss could have been definitely determined. It is equally obvious that if the property received by the petitioner had no fair market value or fair value, or any value other than that which it

had to him, there is no basis upon which to predicate a gain or loss within the spirit and intent of the taxing statutes and that, therefore, any gain or loss that he sustained must be determined when the transaction has been completed by the sale of the property for cash or other property which has some fair market value.

The respondent has used, in determining what he alleges to be a loss in 1916, the par value of the shares received by petitioner in exchange for his original investment in the Refrigeration Company. In this we can see no justification. Par value of stock is no evidence of the value of property. *Appeal of William Ziegler, Jr.*, 1 B. T. A. 186.

The testimony clearly shows that the principal asset of the Machine Company was its patent on the refrigerator machine it was manufacturing and that the success or failure of the company depended upon that patent—if the company's machine proved to be commercially successful for domestic use then of course its patent and likewise its capital stock would be of inestimable value, but on the other hand, if, as it later developed, the machine could not be perfected, then the patent and likewise the stock of that company would be practically worthless. The Machine Company had certainly not abandoned hope in 1916, since, as the testimony shows, in 1915 and 1916 the company was reorganized and readjusting itself to carry on the work that had been conducted by the Refrigeration Company and at all times it appeared to the stockholders that success was "just around the corner."

There were no sales of the common stock of the Machine Company during the years 1915, 1916, and 1917 and no transfers of stock were made. In fact the stock of the company was closely held by a small group of individuals. Petitioner testified that so far as he could ascertain, no bids or offers had ever been made for the stock of the Machine Company. In our opinion, the stock received by the petitioner in 1916 had no exchangeable value or fair market value, and he did not at that time therefore sustain a loss of a part of his investment. When the stock became worthless in 1920 his total investment was gone, as a result of which he may deduct the amount thereof, or $48,890.47, in his income-tax return for that year.

Reviewed by the Board.

> *Judgment will be entered for the petitioner on 10 days' notice, under Rule 50.*